UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SARAH DUNCAN, RICHARD SILVER, ANTHONY WEISSENBURGER, JUDY WEISSENBURGER, SHAUN COONEY, CLINTON STEWART, MICHELLE LIM STEWART, VINCENT CHIARELLI, PHILIP DRAGONETTI, MICHELE MASZON, LISA SUROWEIC, and JOHN COMPTON, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:16-CV-12120-DJC |

---

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES AND EXPENSES**

---

## **ORDER**

Having considered the Plaintiffs' Motion for Final Approval of the Class Action Settlement between the Plaintiffs Sarah Duncan, Richard Silver, Anthony Weissenburger, Judy Weissenburger, Shaun Cooney, Clinton Stewart, Michelle Lim Stewart, Vincent Chiarelli, Philip Dragonetti, Michele Maszon, Lisa Suroweic, and John Compton ("Plaintiffs") and Defendant Nissan North America, Inc. ("NNA"); having considered the Plaintiffs' Motion for Attorneys' Fees and Expenses; having considered that, by order dated February 20, 2020 (ECF No. 107), this Court granted preliminary approval of the proposed class action settlement in this case and certified a Settlement Class[1] pursuant FED. R. CIV. P. 23(a) and 23(b)(3); and having held a Fairness Hearing on August 25, 2020, and having considered all of the submissions and arguments with respect to the Motion for Final Approval; the Court finds and orders as follows:

WHEREAS, the Court confirms its previous preliminary findings in the Preliminary Approval Order and finds that the settlement of this lawsuit satisfies the applicable prerequisites for settlement class action treatment under FED. R. CIV. P. 23(a) and 23(b)(3). The Settlement Class, as defined in Paragraph 32 of the Settlement Agreement and also defined below, for settlement purpose only, is so numerous that joinder of all members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Plaintiffs are typical of the claims of the Settlement Class, the Plaintiffs will fairly and adequately protect the interests of the Settlement Class, and questions of law and fact common to the members of the Settlement Class predominate, for settlement purposes, over any questions affecting only individual members;

WHEREAS, as set forth in the Declaration of Lana Lucchesi Re: Notice Procedures, filed July 29, 2020 (ECF Doc. 133) Notice to the Settlement Class as required by Rule 23(e) of the

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms herein shall have the same meaning as set forth in the Settlement Agreement.

Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by first-class mail was given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

WHEREAS, in accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Administrator caused to be mailed a copy of the proposed class action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where class members reside. None of the Attorneys General filed objections to the Settlement.

WHEREAS, the Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting Final Approval. The Settlement was a result of arm's-length negotiation by experienced counsel before an experienced neutral mediator after multiple days of mediation, with an understanding of the strengths and weaknesses of their respective cases. Among the factors that they considered are those set forth in the Motion for Final Approval of the Class Action Settlement. The Parties have agreed to the Settlement without any admission of wrongdoing and to avoid further expenses, uncertainty, inconvenience, and interference with their ongoing business. As part of the Lawsuits, Plaintiffs' Counsel has conducted a detailed investigation of the facts and analyzed the relevant legal issues. Although the Plaintiffs and Plaintiffs' Counsel believe that the claims asserted in the Complaint have merit, they also have examined the benefits to be obtained under the Settlement compared to the costs, risks, and delays associated with the continued litigation of these claims;

WHEREAS, the Court finds that the Settlement is fair, reasonable, and adequate in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal;

WHEREAS, the benefits to the Settlement Class constitute fair value given in exchange for the release of the claims of the Settlement Class. The Court finds that the consideration to be provided under the Settlement is reasonable considering the facts and circumstances of this case, the types of claims and defenses asserted in the Lawsuits, and the risks associated with the continued litigation of these claims;

WHEREAS, the Parties and Settlement Class Members have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of Settlement; and

WHEREAS, it is in the best interest of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement, or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Court certifies a Settlement Class, for settlement purposes only, consisting of the following: all former or current owners or lessees who purchased or leased a 2004-2008 model year Nissan Maxima, 2004-2009 model year Nissan Quest, 2004-2006 model year Nissan Altima equipped with a VQ35 engine, 2005-2007 model year Nissan Pathfinder, 2005-2007 model year Nissan Xterra, or 2005-2007 model year Nissan Frontier equipped with a VQ40 engine in

Colorado, Florida, Maryland, Massachusetts, New Jersey, New York, Oregon, North Carolina, andr Texas. Excluded from the Settlement Class are: (a) NNA and its officers, directors, employees and outside counsel; and its affiliates and the affiliates' officers, directors and employees; Nissan distributors and the distributor's officers and directors; and Nissan dealers and their officers, directors, and employees; (b) Plaintiffs' counsel, and their employees; (c) judicial officers and their immediate family members and associated court staff assigned to this case, or the First Circuit Court of Appeals; and (d) persons or entities who or which timely and properly exclude themselves from the Settlement Class, who are identified on the Exclusion List, attached hereto as **Exhibit A**.

2.      The Settlement submitted by the Parties is finally approved pursuant to FED. R. CIV. P. 23(e) as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement in accordance with its terms. The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement, except for those who have duly excluded themselves.

3.      This lawsuit is hereby dismissed with prejudice and without costs, except as provided for in Paragraphs 7 and 8 of this Final Approval Order and in the Settlement Agreement. The dismissal is entered without any admission by any Party as to the merits of any allegation by any Party in the Lawsuits and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Lawsuits.

4.      The Released Claims as defined in the Settlement are hereby finally compromised, settled, released, discharged, and dismissed with prejudice against the Released Parties by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

5.      All Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard.

Settlement Class Members also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order and Judgment shall be forever binding on all Settlement Class Members who did not timely opt out of the Settlement. These Settlement Class Members have released and forever discharged NNA, Nissan Motor Co., Ltd. ("NML") and all Related Parties for any and all Released Claims.

6.      Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly excluded themselves.

7.      The named Plaintiffs are suitable class representatives and are hereby appointed representatives for the Settlement Class. The Court approves an award of $5,000 to each of Class Representatives Sarah Duncan, Richard Silver, Anthony Weissenburger, Judy Weissenburger, Shaun Cooney, Clinton Stewart, Michelle Lim Stewart, Vincent Chiarelli, Philip Dragonetti, Michele Maszon, Lisa Suroweic, and John Compton as a reasonable payment for his or her efforts, expenses and risks as Plaintiffs in bringing the Lawsuits, which shall be paid by Nissan as provided in the Settlement.  However, where multiple Class Representatives claim to have owned or leased a single vehicle (e.g., the Weissenburgers), such Class Representatives will receive a total combined incentive payment of $5,000.

8.      Based upon the evidence submitted, the Court finds that Class Counsel  Kantrowitz, Goldhamer & Graifman, P.C. and Stull Stull & Brody have the requite knowledge, experience, and skills to advance the interests of the Settlement Class. The Court hereby appoints both law

firms as counsel for the Settlement Class. The Court approves an award of

$__3,250,000.00__ to Class Counsel as reasonable payment for Attorneys' Fees and

Expenses, which shall be paid by Nissan as provided in the Settlement.

9.      Without affecting the finality of this judgment, the Court retains jurisdiction of this

Settlement also including the administration and consummation of the Settlement. In addition,

without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the

Parties and all Settlement Class Members are hereby deemed to have submitted irrevocably to the

exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or

relating to this Order and the Settlement Agreement, or the applicability of the Settlement

Agreement. Without limiting the generality of the foregoing, any dispute concerning the

Settlement Agreement, including, but not limited to, any suit, action, arbitration or other

proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement

are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as

an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.

Solely for purposes of such suit, action or proceeding, to the fullest extent possible under

applicable law, the Parties hereto and all persons within the definition of the Settlement Class are

hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense

or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or

that this Court is, in any way, an improper venue or an inconvenient forum.

10.      There have been six (6) objections filed with the Court and one objection by Holly

A. Hall that counsel has advised the Court of, which was not filed as required by the Preliminary

Approval Order, making a total of seven (7) objections.  These objections were interposed by the

following Class Members (all referred to herein as "Objections"): Objection of Miri Raphaely

(filed Aug. 3, 2020, ECF Doc. 134) ("Raphaely Objection"); Objection of David Martin De La Paz (filed July 23, 2020, ECF Doc. 130) ("De La Paz Objection"); Objection of Beth Williamson (filed July 6, 2020, ECF Doc. 131) ("Williamson Objection"); Objection of Randal Kurt Rosen (filed June 15, 2020, ECF Doc. 116-1) ("Rosen Objection"); Objection of Anthony Edward Mardis (filed June 12, 2020, ECF Doc. 115) ("Mardis Objection"); Objection of Thomas A. Hayes (filed June 11, 2020, ECF Doc. 113) ("Hayes Objection"); Objection of Holly A. Hall which was not filed but which was annexed to the Reply Declaration of Gary S. Graifman filed August 14, 2020 as Exhibit 1 ("Hall Objection")  All of the aforestated Objections, including the Hall Objection, are hereby overruled and denied.

11.     The Court finds that no just reason exists for delay in entering the Final Judgment. Accordingly, the Clerk is hereby directed to enter final judgment.

**IT IS SO ORDERED.**

Dated:  August 25, 2020

_____
The Honorable Denise J. Casper
United States District Court Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 14, 2020.

/s/ Adam M. Stewart
Adam M. Stewart